UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO CARABALLO,

    Plaintiff,

v.                                                         Case No. 8:15-cv-2123-T-27AEP

DOUBLE L ENTERPRISES, LLC,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Pedro Caraballo ("Caraballo") initiated this action against Defendant Double L Enterprises, LLC ("Double L") alleging violations of the Fair Labor Standards Act ("FLSA"), the Internal Revenue Code ("IRC"), and Florida's Workers' Compensation Act ("FWCA") (Doc. 1). After Double L failed to timely appear, Caraballo moved for entry of a clerk's default (Doc. 5). The Clerk subsequently entered a default against Double L (Doc. 6). Following entry of the clerk's default, Caraballo sought entry of a default judgment and for attorneys' fees and costs pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure (Doc. 7). For the reasons that follow, it is recommended that Caraballo's Motion for Entry of Final Judgment and for Attorneys' Fees and Costs (Doc. 7) be granted.[1]

**I.    Background**

Caraballo brought this action against Double L, his former employer, for unpaid overtime wages (Doc. 1). According to Caraballo, Double L failed to pay Caraballo at a rate of not less

---

[1] The instant motion was referred to the undersigned for issuance of a report and recommendation (Doc. 8). *See* 28 U.S.C. § 636; *see* M.D. Fla. R. 6.01.

than one and one-half times the regular rate at which he was employed for workweeks in which he worked more than forty hours. Caraballo further alleged that Double L failed to record any of his hours when he worked overtime, fabricated time sheets to record only part of the hours he worked, paid him part of his wages in cash without deducting taxes, and provided him with W-2 forms that did not reflect all of his earnings. Additionally, Caraballo alleged the he was injured at work while working for Double L and was told by Double L not to inform anyone of the injury because Double L would privately cover any medical costs he incurred as a result of the work injury. Double L did not compensate Caraballo for his work injury, however. Caraballo sought to assert a claim for workers' compensation under FWCA, and Caraballo alleges that, as a result, he was subsequently terminated by Double L. Accordingly, Caraballo filed his Complaint (Doc. 1), asserting a claim for violation of the FLSA overtime provision, seeking civil damages for fraudulent filing of information returns under the IRC, and alleging retaliation for seeking or preparing to file a valid workers' compensation claim for a work injury, which Caraballo contends constituted protected activity under the FWCA.

After Caraballo initiated this action, Double L failed to file a responsive pleading or otherwise appear. Following the failure of Double L to file a responsive pleading, Caraballo moved for entry of a clerk's default pursuant to Rule 55(a) (Doc. 5). The Clerk subsequently entered the default against Double L (Doc. 6). Following entry of the default, Caraballo now seeks entry of a default judgment (Doc. 7). By the instant motion, Caraballo seeks entry of a default judgment awarding $31,600.00 in damages; $1,900.00 in costs and fees; and applicable interest to accrue on the damages and fees until the date that Double L makes all payments to

Caraballo.

**II.     Legal Framework**

Following entry of a default, a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact, and, therefore, before entering a default judgment for damages, a district court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (citation omitted). Although a defaulted defendant is deemed to admit the well-pleaded allegations of fact, the defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citation and quotation omitted). To effectuate a default judgment under Rule 55(b), a district court may hold an evidentiary hearing to determine an appropriate amount of damages but is not required to do so, especially where the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. App'x 908, 911-12 (11th Cir. 2011) (noting that, when considering whether to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *see* Fed. R. Civ. P. 55(b)(2). At all times, the decision to enter a default judgment remains within the discretion of the district court. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

**III.    Discussion**

    **A.     Damages**

Caraballo seeks damages for Count I pursuant to the FLSA, for Count II pursuant to 26

3

U.S.C. § 7434, and for Count III pursuant to Florida Statutes § 440.205, as well as an award of attorney's fees and costs. Specifically, Caraballo seeks $31,600.00 in damages; $1,500.00 in attorney's fees; and $400.00 in costs, for a total judgment of $33,500.00. In seeking such award, Caraballo foregoes any potential compensatory damages for purported emotional distress and any potential punitive damages under the FWCA.

### i. FLSA

Under the FLSA, employers must pay their employees overtime compensation at a rate not less than one and one-half times the regular rate of pay for any hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a)(1) ("Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). Any employer who violates the provisions of the FLSA is liable to the employee affected in the amount of his or her unpaid overtime compensation and in an additional amount as liquidated damages. 29 U.S.C. § 216(b). An employer seeking to avoid liquidated damages must demonstrate that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citations omitted).

In this instance, Caraballo alleged that he was employed by Double L as a mechanic, worked in excess of forty hours per week, and was not paid at a rate of at least one and one-half

times the regular rate at which he was employed (Doc. 1). Caraballo alleges further that Double L did not compensate him for his overtime hours, did not record Caraballo's extra hours on weekends or overtime during the week, and fabricated timesheets to reflect only a portion of the hours Caraballo worked and that such actions by Double L were willful and showed reckless disregard for the provisions of the FLSA. Given those allegations, the Complaint thus establishes a substantive, sufficient basis for a valid FLSA claim. As such, Double L is deemed to have admitted the well-pled allegations. *See Tyco Fire*, 218 Fed. App'x at 863.

With respect to his damages, Caraballo provided an uncontroverted affidavit in which he stated that he worked for Double L an average of five hours of overtime per week for a period of seventy-six weeks (Doc. 7, Ex. A).[2] During the evidentiary hearing held on the instant motion, Caraballo provided testimony establishing that he was required by his supervisor to work from 8:00 a.m. to 5:00 p.m. five days per week and was not permitted to take a lunch break, thus working a total of forty-five hours per week. Given that his regular rate of pay was $10.00 per hour, Caraballo requests overtime compensation at a rate of $15.00, or one and one-half times his regular rate of pay, for the five hours of overtime per week for the period of seventy-six weeks. Caraballo also requests an equal amount in liquidated damages. In accordance with 29 U.S.C. § 216(b), therefore, Caraballo seeks a total of $5,700.00 in unpaid overtime compensation and

---

[2] In similar cases involving entry of a default judgment for alleged violations of the provisions of the FLSA, courts relied upon such uncontroverted affidavits in support of an award of damages. *See, e.g., Shoultz v. Petroleum Technicians, Inc.*, No. 6:08-cv-1564-Orl-18DAB, 2009 WL 891913 (M.D. Fla. Apr. 1, 2009); *Bofferding v. C.J.'s Sandwich Shop, Inc.*, No. 8:08-cv-574-T-30TGW, 2008 WL 2952973 (M.D. Fla. July 30, 2008); *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008). Notwithstanding, the undersigned conducted an evidentiary hearing in which Caraballo provided testimony.

$5,700.00 in liquidated damages. Given that Caraballo established a substantive, sufficient basis for the relief requested, the undersigned recommends that a default judgment be entered in favor of Caraballo and against Double L in the amount of $11,400.00, which includes $5,700.00 in unpaid overtime compensation and $5,700.00 in liquidated damages.

### ii.     26 U.S.C. § 7434

Caraballo also seeks an award of statutory damages in the amount of $5,000.00 for Double L's alleged willful filing of a fraudulent information return with respect to payments made to Caraballo in violation of 26 U.S.C. § 7434(a). Under 26 U.S.C. § 7434(b), in any action brought under 26 U.S.C. § 7434(a), upon a finding of liability on the part of the defendant, such defendant is liable to the plaintiff in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return, the costs of the action, and, in the court's discretion, reasonable attorney's fees. Given Caraballo's allegations regarding Double L's willful failure to properly record, account for, and report to the IRS on Caraballo's W-2 Forms all of the monies paid to Caraballo during his employment with Double L, Caraballo established a substantive, sufficient basis for the relief requested and is thus entitled to an award of statutory damages under 26 U.S.C. § 7434(b). Accordingly, it is recommended that Caraballo additionally be awarded $5,000.00 in statutory damages.

### iii.    Florida Statutes § 440.205

Caraballo also seeks an award of back pay in the amount of $15,200.00 in lost wages for retaliation in violation of Florida Statutes § 440.205. Under the statute, a violation occurs where

an employer discharges, threatens to discharge, intimidates, or coerces any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law. Fla. Stat. § 440.205. In Florida, an employer who violates section 440.205 "has committed an intentional tort, thereby exposing itself to liability for damages for emotional distress" and lost wages. *Scott v. Otis Elevator Co.* ("*Scott II*"), 572 So.2d 902, 903 (Fla. 1990); *see Scott v. Otis Elevator Co.* ("*Scott I*"), 524 So.2d 642, 643 (Fla. 1988) (noting that retaliatory discharge is tortious in nature and states adopting the tort generally consider it grounded on intent rather than negligence, thus permitting recovery of emotional distress and punitive damages as well as lost wages where appropriate); *cf. Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992) (noting that the Florida Supreme Court reasoned in *Scott I* that a wrongful discharge claim under section 440.205 is statutory and tortious in nature rather than resembling a suit for wages).

To establish a claim under section 440.205, an employee must establish (1) the employee engaged in protected activity, (2) the employee was subjected to an adverse employment action, and (3) a causal relationship existed between the protected activity and the adverse employment action. *Juback v. Michaels Stores, Inc.*, Case No. 8:14-cv-913-T-27EAJ, 2015 WL 6956548, at *5 (M.D. Fla. Nov. 10, 2015). An employee may not establish that he or she engaged in protected activity by simply informing an employer of an injury, but rather must submit an affirmative claim or attempt to seek workers' compensation. *Id. at* *6. Here, Caraballo alleged that he suffered a workplace injury, reported such injury to Double L, was told not to disclose such injury to anyone, and was never compensated for such injury by Double L (Doc. 1, at ¶¶ 33-36). In his

supplemental affidavit, Caraballo elaborated, stating that he injured himself approximately three weeks prior to his termination, he immediately reported the injury to his supervisor and asked to see a workers' compensation physician in order to initiate the workers' compensation process, the supervisor told Caraballo that he was prohibited from filing a workers' compensation claim because it would cause Double L's insurance to increase, the supervisor advised Caraballo to go to a hospital rather than a workers' compensation physician, and Caraballo went to the hospital instead of a workers' compensation physician (Doc. 12, Ex. A, at ¶¶ 2-5). Accordingly, Caraballo made an affirmative attempt to seek workers' compensation and thus established that he engaged in protected activity. *See Juback*, 2015 WL 6956548, at *6. Caraballo also submits that he was terminated a few weeks after attempting to submit a workers' compensation claim and has not worked since (Doc. 12, Ex. A, at ¶¶ 8-9). Given Caraballo's termination following his attempt to assert a workers' compensation claim, and the close temporal proximity between the attempt and the termination, Caraballo has established that he was subjected to an adverse employment action and a causal relationship existed between the protected activity.

As noted in *Juback*, claims under section 440.205 are subject to the burden-shifting framework set out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *Juback*, 2015 WL 6956548, at *5. Since Caraballo established a *prima facie* case, the burden would shift to Double L to establish a non-retaliatory reason for Caraballo's termination. *See id.* Given Double L's failure to appear in this action, however, Double L cannot establish such a non-retaliatory reason and, moreover, is deemed to admit Caraballo's allegations regarding such retaliation. Accordingly, Caraballo established a valid claim under section 440.205, thereby

8

entitling him to an award of back pay in the amount of $15,200.00 in lost wages, which includes lost wages at a rate of $10.00 per hour for forty hours per week for a period of thirty-eight weeks.

### B. Attorney's Fees

In addition, Caraballo seeks an award of attorney's fees in the amount of $1,500.00. As noted previously, under the FLSA, an employer who fails to comply with the overtime provision of the Act with respect to any employee is liable to such employee in a successful action to enforce the overtime provision for a reasonable attorney's fee as determined by the court. 29 U.S.C. § 216(b); *see Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (noting that 29 U.S.C. § 216(b) makes fee awards to prevailing plaintiffs mandatory). To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) (discussing the lodestar analysis); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (same); *cf. Gomes v. Nationwide Janitorial and Flooring Servs., Inc.*, No. 6:06-cv-929-Orl-31KRS, 2007 WL 737584, at *3-5 (M.D. Fla. Mar. 7, 2007) (applying the lodestar method to an award of attorneys' fees in awarding a default judgment in a case involving claims under the FLSA).

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney

9

exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id*.

After determining the reasonable hourly rate, courts must then determine the amount of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

Here, Caraballo requests an award of attorneys' fees in the amount of $1,500.00 for five hours expended at a rate of $300.00 per hour. With respect to the hourly rate, Caraballo contends that this Court has previously approved a rate of $300.00 per hour for Attorney Brandon J. Hill. *See, e.g., Ayala v. R & M Inv., LLC*, Case No. 8:15-cv-817-T-33EAJ (M.D. Fla. filed Apr. 6, 2015) (Doc. 15, at 3); *Elwell v. Pierce N Tell, LLC*, Case No. 8:13-cv-2857-T-30TBM (M.D. Fla. filed Nov. 8, 2013) (Doc. 41, at 4-5). Upon review, the undersigned concludes that the hourly rate requested comports with the prevailing market rates charged in similar cases by attorneys

with comparable skill, reputation, and experience and is thus reasonable.

Furthermore, the hours expended are also reasonable in light of the relatively straightforward nature of the case and given the brevity of the proceedings before the Court. Although counsel did not provide time records or a billing statement for the Court's review, Attorney Brandon J. Hill provided a declaration in which he states that the time expended included a one-hour meeting with Caraballo and time expended speaking with an attorney for Double L, reviewing correspondence from such attorney, drafting the Complaint, and preparing the motion for default, the motion for default judgment, and the supporting affidavits (Doc. 7, Ex. B, at 3). Upon consideration, no excessive, redundant, or otherwise unnecessary expenditures of time appear. Indeed, the fee petition requests five hours of compensable time for work performed in this action. As such, the fee petition is reasonable both as to the hourly rates requested and the hours expended. Accordingly, it is recommended that Caraballo be awarded attorney's fees in the amount of $1,500.00.

### C.   Costs

Caraballo seeks to tax as costs the $400.00 filing fee in this action. Under Rule 54, a prevailing party is entitled to an award of costs unless the court otherwise directs. Fed. R. Civ. P. 54(d); *see also* 29 U.S.C. § 216(b) (provision of FLSA providing that the court in an action seeking unpaid minimum wage or overtime compensation, in addition to any judgment awarded to a plaintiff, shall allow a reasonable attorney's fee to be paid by the defendant as well as the costs of the action). The costs requested by Caraballo in this action constitute taxable costs pursuant to 28 U.S.C. § 1920 and therefore should be awarded to Caraballo. *Montgomery v. Fla.*

*First Fin. Group, Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, at *15 (permitting an award of costs for, among other things, the filing fee); *Gomes*, 2007 WL 737584, at *5 (awarding the costs of the filing fee to a prevailing plaintiff in a FLSA action).  Accordingly, it is recommended that Caraballo be awarded costs in the amount of $400.00.

### IV.    Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Caraballo's Motion for Entry of Final Judgment and for Attorneys' Fees and Costs (Doc. 7) be GRANTED.

2. A default judgment be entered in favor of Caraballo and against Double L in the amount of $33,500.00, which includes $5,700.00 in unpaid overtime compensation; $5,700.00 in liquidated damages; $5,000.00 in statutory damages; $15,200.00 in lost wages; $1,500.00 in attorney's fees; and $400.00 in costs.

IT IS SO REPORTED in Tampa, Florida, this 25th day of February, 2016.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

cc:     Hon. James D. Whittemore
        Counsel of Record